**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 22, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JUAN CARLOS MALDONADO-
ZAMORA, a/k/a Jesus Maldonado-
Zamora, a/k/a Manuel Marquez, a/k/a
Jesus Maldojado Zamora,

      Defendant - Appellant.

No. 08-1027
(D.C. No. 07-CR-00379-LTB-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **HARTZ**, Circuit Judges.

---

Defendant-Appellant Juan Carlos Maldonado-Zamora pled guilty to one

count of unlawful reentry in violation of 8 U.S.C. § 1326(a) and (b)(2). I R.

Docs. 1, 18, 24. On January 16, 2008, he was sentenced to 41 months'

imprisonment followed by three years' supervised release.[1] I R. Doc. 24, at 2-3.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[1] The Presentence Report (PSR) indicated a total offense level of 21,
applying a three-point downward adjustment for acceptance of responsibility.
I Supp. R. at 5 (PSR). The PSR calculated the guideline range as 41 to 51
months. I Supp. R. at 11 (PSR). The PSR discussed factors that would be

On appeal, Mr. Maldonado-Zamora argues that the district court infringed upon his right to allocution when it cut off his lawyer's argument seeking a departure under the Sentencing Guidelines. He argues that Fed. R. Crim. P. 32(i)(4)(A)(i) requires a district court to provide an opportunity for counsel to speak on a defendant's behalf and that the plea agreement in this case expressly allowed him to request a departure at sentencing. Further, he argues that the district court misunderstood its ability to depart. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we remand for resentencing.

## Background

Mr. Maldonado's plea agreement provided in pertinent part:

> Any estimation by the parties regarding the estimated advisory guideline application does not preclude either party from asking the Court to depart from the otherwise advisory guideline range at sentencing, if that party believes that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the sentencing guidelines.

I R. Doc. 18 at 5.

At the sentencing hearing, the district court indicated its intention to sentence at the bottom of the advisory guideline range. Thereafter, counsel sought to argue in favor of a departure:

---

relevant to a variance pursuant to 18 U.S.C. § 3553(a), but stated that there were no factors known that would warrant a departure from the advisory guideline range. I Supp. R. at 13-14.

- 2 -

[Counsel]: Judge, I'm aware of what the Court has stated, but I would just like to state that if a case was ripe for departure from the bottom of the Guidelines I would like to state some things that I believe support that in this case.

Mr. Maldonado's last conviction was a substantial time in the past –

The Court: Well, let's stop right there. Under our local rule if there was to be a response to the Presentence Report which would invoke a departure under the advisory Guidelines, it would be incumbent upon defense counsel to appraise the Court, government counsel, and the probation officer of the motion for departure, its specific basis, so that all concerned could consult the advice of the Guidelines with respect to a Guideline departure.

If there was to be a request for a variant sentence, that is a sentence not within the advisory Guideline range, but variant from it under 3553(a), it is likewise incumbent upon counsel to advise the Court, government counsel, and the probation officer of that request, so that analysis and thought could be given to it before the sentencing hearing.

We've received nothing like this.

[Counsel]: I understand that, Judge.

II R. Doc. 35 at 3, 4-5. Thereafter, Mr. Maldonado-Zamora addressed the court and the court imposed sentence.

## Discussion

There is no question that a district court must afford a defendant an

opportunity to speak on his own behalf prior to sentencing. Fed. R. Crim. P. 32(i)(4)(A)(ii); Hill v. United States, 368 U.S. 424, 426 (1962); Green v. United States, 365 U.S. 301, 304 (1961) (plurality opinion). Prior to imposing sentence, a district court also must "provide the defendant's attorney an opportunity to speak on the defendant's behalf." Fed. R. Crim. P. 32(i)(4)(A)(i). A defendant's right to have counsel speak on his behalf (like the right to allocution itself) assists the trial court in fashioning an accurate and reliable sentence based on all relevant information. United States v. Gutierrez, 555 F.3d 105, 110 (2d Cir. 2009).

The government contends that, as a factual matter, the district court did not prevent counsel from speaking on Mr. Maldonado-Zamora's behalf because counsel indicated he understood the court's ruling, recounted that he had submitted other materials, asked if the Defendant could make a statement, and then counsel concluded his presentation. Aplee. Br. 14-16. None of these factors suggest that counsel was allowed to make his argument for a downward departure in the face of the district court's ruling to the contrary.

While a district court has some discretion to place reasonable limits on what may be addressed, we are persuaded that the district court abused its discretion when it denied counsel the right to address a downward departure. Specifically, the district court did not permit defense counsel to argue this point because of its belief that a "local rule" required a motion for a departure or

- 4 -

variance to be filed prior to the sentencing hearing.[2] II R. Doc. 35 at 4. The parties agree that no local rule required a party to file a motion for a downward departure prior to the sentencing hearing. Aplt. Br. 20; Aplee. Br. 20-21.

Although the government argues that the district court was likely referring to how Rule 32 is interpreted in the district by local practice, or the practice of requiring objections to the PSR in accordance with Fed. R. Crim. P. 32(f), those grounds were not relied upon by the district court. Deciding this appeal on the government's interpretation would be in tension with the express words of the district court (which relied upon a local rule). Moreover, we question how counsel would know that was what the district court meant absent extraordinary prescience. After all, the district court declined to entertain the argument for want of a motion, not based upon the lack of objection.

Our cases have allowed non-compliance with Rule 32's allocution right to be raised on direct appeal, notwithstanding the failure to object, and the government does not argue otherwise. United States v. Muniz, 1 F.3d 1018, 1025 (10th Cir. 1993); United States v. Gardner, 480 F.2d 929, 932 (10th Cir. 1973), superseded by statute on other grounds as discussed in, Smith v. United States,

---

[2] The District of Colorado has since amended its local rules to require a party to file a motion for a departure or a variance eleven days before the sentencing hearing. However, this rule did not go into effect until December 1, 2008. See United States District Court for the District of Colorado, Local Rules of Practice, http://www.cod.uscourts.gov/Documents/LocalRules/LR_wAppsAndAtts.pdf. The sentencing hearing for this case was held on January 16, 2008.

551 F.2d 1193, 1196-97 (10th Cir. 1977); Aplee. Br. at 13. Here, it is apparent that counsel was attempting to make arguments in mitigation–by seeking a downward departure. Given the Sentencing Guidelines, the ability to make arguments for a departure or a variance is central to advocacy given a now-advisory guidelines system. See Irizarry v. United States, 128 S. Ct. 2198, 2202-03 (2008); United States v. Jarvi, 537 F.3d 1256, 1262 (10th Cir. 2008). Rather than categorical notice requirements, a continuance for legitimate surprise would be the better policy. See Irizarry, 128 S. Ct. at 2203.

In view of the above, it is unnecessary to address Mr. Maldonado-Zamora's other arguments.

REMANDED.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge