**NOT RECOMMENDED FOR PUBLICATION**

File Name: 11a0681n.06

No. 10-3841

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Sep 26, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| RICHARD OLIVER, SR., | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: BOGGS and SILER, Circuit Judges; VAN TATENHOVE, District Judge.[*]

**PER CURIAM**. Defendant Richard Oliver pleaded guilty to two federal gun charges and received a within-guidelines sentence of 46 months. On appeal, Oliver contends the district court violated Federal Rule of Criminal Procedure 32 by allowing only limited argument by Oliver's attorney at his sentencing. He also challenges the substantive and procedural reasonableness of his sentence. For the reasons stated below, we **AFFIRM**.

**I.**

Oliver was indicted on two counts of gun-related offenses. Count 1 charged possession of two firearms by a felon, in violation of 18 U.S.C. § 922(g)(1). Count 2 charged possession of an

---

[*]The Honorable Gregory F. Van Tatenhove, United States District Judge for the Eastern District of Kentucky, sitting by designation.

1

unregistered machine gun, in violation of 26 U.S.C. § 5861(d). Oliver pleaded guilty to both charges without a plea agreement.

During Oliver's sentencing hearing, defense counsel was given the opportunity to speak on behalf of Oliver and did so, in the process responding to various questions from the district court. Oliver then was allowed to speak fully without interruption. After the government addressed the court, defense counsel requested to speak again concerning an issue raised by the government—whether Oliver was a threat to the public. After briefly allowing defense counsel to elaborate on this topic, the district court proceeded to pronounce its sentence. Oliver's criminal history category of I and offense level of 21 yielded a guidelines range of 37 to 46 months, and Oliver was sentenced to 46 months' imprisonment.

**II.**

Oliver contends the district court violated Rule 32 of the Federal Rules of Criminal Procedure by restricting his attorney's opportunity to advocate on his behalf. Oliver argues this occurred when the court limited defense counsel's response to a question concerning the viability of releasing him and when it did not allow his attorney to respond to an argument made by the government.

A defendant's right to allocution "is not unlimited," both in terms of "time" and "content." *United States v. Carter*, 355 F.3d 920, 926 (6th Cir. 2004) (internal quotation marks and citations omitted). Rather, as the Tenth Circuit has noted, "Rule 32 permits reasonable limitations" on counsel's time to address the court. *United States v. Wade*, 203 F.App'x 920, 935 (10th Cir. 2006); *see United States v. Maldonado-Zamora*, 325 F. App'x 655, 657 (10th Cir. 2009).

After Oliver was allowed to speak on his own behalf, defense counsel was given a reasonable opportunity to speak in response to the district court's question of whether she still advocated for

2

Oliver to be released.[1] The court asked a basic question that required only a "yes" or "no" answer. Defense counsel was allowed to give such a response.

The district court also gave defense counsel a reasonable opportunity to speak in response to the government's argument that Oliver was a threat to the public. A defendant is "not denied his right of allocution when the district court refuse[s] to allow" the defense to have the last word at sentencing. *United States v. Lanning*, 633 F.3d 469, 476 (6th Cir. 2011). Further, defense counsel was allowed to present her basic response to the government's contention. The district court, after hearing her point, simply rejected it based on the other evidence in the record.

### III.

Oliver also contends the district court imposed a procedurally unreasonable sentence because it did not adequately consider the 18 U.S.C. § 3553(a) factors and did not sufficiently explain its chosen sentence.

We review a defendant's challenge to the procedural reasonableness of his sentence for an abuse of discretion, *United States v. Carter*, 510 F.3d 593, 600 (6th Cir. 2007). However, if a defendant fails to object when given the opportunity, as Oliver did here, we review only for plain error, *Lanning*, 633 F.3d at 473.

**A. Inadequate consideration of the § 3553(a) factors**

"While the district court need not explicitly reference each of the section 3553(a) factors, there must still be sufficient evidence in the record to affirmatively demonstrate the court's consideration of them." *United States v. McBride*, 434 F.3d 470, 476 n.3 (6th Cir. 2006).

---

[1]Since defense counsel raised no objection to the district court limiting her response to this question, we review only for plain error. *Carter*, 355 F.3d at 926. However, regardless of the standard of review, it appears the district court did not err in restricting defense counsel's response.

3

At the outset of the hearing, the court expressed that it was bound to "consider the factors listed in 18 U.S.C. [§] 3553(a)." Then, at the conclusion of the hearing, it reiterated its consideration of the factors and specifically emphasized several of them, stating, "taking into consideration all of the factors in 3553(a) . . . I really believe a sentence of 46 months provides a sentence sufficient but not greater than necessary to comport with the statutory purposes of punishment, deterrence, and safety to the community." Since the court "need not explicitly reference each of the section 3553(a) factors," *id.*, the district court's explanation of how the sentence reflected the § 3553(a) factors demonstrates the court adequately "considered the relevant sentencing factors," *United States v. Pizzino,* No. 09-2146, 2011 WL 1345052, \*4 (6th Cir. Apr. 8, 2011) (unpublished).

**B. Failure to explain the chosen sentence**

The Supreme Court has held that a sentencing court should explain its sentence in a way that "satisf[ies] the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). Following the requirements of *United States v. Wallace*, the district court did not plainly err in its consideration of Oliver's arguments for a lower sentence and in its explanation of its basis for rejecting those contentions. *See* 597 F.3d 794, 803 (6th Cir. 2010). It rejected Oliver's mental health-based argument because it believed the Bureau of Prisons would be most effective in addressing Oliver's issues. Further, it rejected Oliver's contention that he was not a threat to the public because of his recent history of violence. While there was no explicit discussion at the sentencing hearing of his childhood abuse or his service in Vietnam, it specifically stated it had reviewed Oliver's sentencing memorandum, which discussed both his childhood abuse and military service. The

4

district court then rejected these arguments out of concern for Oliver's "unstable lifestyle and his need for mental health treatment."

## IV.

Oliver finally contends the district court imposed a substantively unreasonable sentence by giving excessive weight to considerations of his mental health. We review challenges to the substantive reasonableness of a sentence for an abuse of discretion, *Lanning*, 633 F.3d at 474, and apply "an appellate presumption of reasonableness for within-guidelines sentences," *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

Oliver's sentence was substantively reasonable. As an initial matter, Oliver's sentence fell within his guidelines range, entitling it to a presumption of reasonableness. Further, the district court specifically considered and based the sentence on the § 3553(a) factors, emphasizing the statutory purposes of "punishment, deterrence and safety to the community." Although Oliver argues the district court put too much weight on the single consideration of his mental health, contending "it appears [his] mental health was the only factor," the district court based its sentence on multiple considerations, including Oliver's history of violence.

**AFFIRMED**.